﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 200207-61353
DATE: June 16, 2020

ORDER

Service connection for tinnitus is granted.

FINDING OF FACT

Resolving reasonable doubt in his favor, the Veteran’s tinnitus had its onset during active duty service and has continued since that time.

CONCLUSION OF LAW

The criteria for entitlement to service connection for tinnitus have been met. 38 U.S.C. §§ 1101, 1110, 1154(b), 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served honorably in the United States Army from March 1966 to February 1968. This matter is before the Board following his appeal of a December 2019 rating decision issued in response to a November 2019 Supplemental Claim Application. The Veteran filed a VA Form 10182 on February 7, 2020 and selected Direct Review by a Veterans Law Judge. 

Service connection for tinnitus is granted.

Direct service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 C.F.R. § 3.303(a). Direct service connection generally requires credible and competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, otherwise known as the “nexus” requirement. Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009). For certain chronic diseases, such as tinnitus, nexus may also be established through a demonstration of continuity of symptomatology after service. 38 C.F.R. §§ 3.303(b), 3.309; see Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013); Fountain v. McDonald, 27 Vet. App. 258 (2015) (finding that tinnitus is a chronic condition for purposes of 38 C.F.R. § 3.309(a)).

Taking the foregoing requirements in order, favorable findings in October and December 2019 rating decisions included both a finding of a current diagnosis of tinnitus and a finding of a qualifying event, injury, or disease during service—namely, noise exposure based on combat service. The Veteran also reported exposure to weapons and explosives during combat in his July 2019 claim application, and such exposure is consistent with the circumstances, conditions and hardships of his service. 38 U.S.C. § 1154(b). Thus, the first and second elements of service connection are established. See Holton, 557 F.3d at 1366. 

With regard to the third element, in December 2019, a VA examiner opined that the Veteran’s tinnitus was related to his nonservice-connected hearing loss rather than his military service. In support of that conclusion, she stated that the Veteran had a military occupational specialty with a low probability of hazardous noise exposure and that there were no complaints in the Veteran’s service treatment records for tinnitus. However, the Veteran has credibly reported he was exposed to combat noise during service, and the examiner did not discuss that noise exposure when issuing her opinion. 

In contrast to the examiner’s opinion are the Veteran’s own reports regarding the onset of his tinnitus and the extent of his in-service acoustic trauma. See July 2019 VA 21-526EZ, Fully Developed Claim (including the Veteran’s indication that his tinnitus had its onset during the 1966 to 1968 time period and his report that he was exposed to combat noise that included weapons and explosives). 

Notably, when a claim involves a diagnosis based on purely subjective complaints, the Board is within its province to weigh the appellant’s testimony; determine whether it supports a finding of service incurrence and continued symptoms since service; and, if it does, find that service connection for the disability is established on that basis. Barr v. Nicholson, 21 Vet. App. 303, 310 (2007). Furthermore, when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary is required to give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). Here, the Board finds that the competent and credible evidence addressing the cause of the Veteran’s tinnitus is at least in equipoise. As a result, all three elements of service connection have been met, service connection for tinnitus is warranted, and the claim is granted.

 

L. STEPANICK

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Emily A. Kotroco, Law Clerk 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.